IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STEVE YOUNG,

                 Plaintiff,

   v.

OFFICER RUDOLPH, SUPERVISOR MS.
MELLENBERGER, and C. HICKEY-WILBUR –
INSTITUTION COMPLAINT EXAMINER,

                 Defendants.

OPINION and ORDER

22-cv-596-wmc[1]

---

      Pro se plaintiff Steve Young contends that defendants, Stanley Correctional Institution employees Officer Rudolph, Supervisor Ms. Mellenberger, and Inmate Complaint Examiner C. Hickey, put him at risk of harm and them failed to ensure his safety, in violation of his constitutional rights. Young is incarcerated and proceeding in forma pauperis, so the next step is to screen his complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. When screening a pro se litigant's complaint, I construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

      Young's complaint does not state a constitutional claim, so I am dismissing it without prejudice for his failure to state a claim upon which relief can be granted. I will give Young the

---

[1] I am exercising jurisdiction over this case for purposes of this screening order only.

opportunity to file an amended complaint that addresses the problems identified in this opinion.

Young filed a motion seeking to access his release account to pay the remainder of the filing fee owed in this case. Dkt. 6. I will deny that motion.

ANALYSIS

In August 2022, Young was in a day room at Stanley with defendant Officer Rudolph and other inmates. Young went to the restroom, and when he returned other inmates told him that Rudolph said Young: was a "snitch and a rat"; revealed things going on at his institution; and planned to testify in an unidentified matter. Young told defendant Mellenberger, a program supervisor, what Rudolph did. Young also submitted an inmate complaint, alleging that Rudolph put his life in danger. Young contends that the staff did not care about the risk, which I take to mean that no defendants took action in response to his complaints about Rudolph. Young contends that defendants failed to ensure his safety, in violation of his Eighth Amendment rights.

To begin, Young does not state a claim against Hickey. I take Hickey to be involved only insofar as this defendant denied Young's inmate complaint. Generally, a decision ruling against a prisoner on an inmate grievance does not show that the examiner was personally involved in a constitutional violation, and it is not sufficient to state a claim. *See, e.g.*, *McGee v. Adams*, 721 F.3d 474, 485 (7th Cir. 2013); *George v. Smith*, 507 F.3d 605, 609–10 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."). Young claimed that Rudolph put his life at risk, but he did not allege in his grievance that he was facing ongoing threats from other

prisoners because Rudolph revealed that he was a snitch. Therefore, Hickey was not involved in any constitutional violation, and I will dismiss Hickey from this lawsuit.

Young does not state a claim against Rudolph. The Court of Appeals for the Seventh Circuit and this court have explained that prison officials may violate inmates' Eighth Amendment rights by maliciously encouraging other prisoners to harm them, even if they are not actually harmed physically. *E.g., Turner v. Pollard*, 564 F App'x 234, 239 (7th Cir. 2014) ("[G]iven the substantial danger to which Swiekatowski allegedly exposed Turner, Turner may be eligible for nominal or punitive damages."); *Smith v. Peters*, 631 F.3d 418, 421 (7th Cir. 2011) ("Prison officials who recklessly expose a prisoner to a substantial risk of a serious physical injury violate his Eighth Amendment rights."); *Jenkins v. Freeman*, 2010 WL 2812959, *1 (W.D. Wis. 2010) (citing *Irving v. Dormire*, 519 F.3d 441, 449 (8th Cir. 2008) (guard's attempt to induce other prisoners to assault plaintiff may violate Eighth Amendment, even if prisoner was not assaulted)). Young does not need to allege that he was actually assaulted to state a claim under the Eighth Amendment, but he does need to allege facts explaining how Rudolph's disclosure put him at substantial risk of serious harm.

The same is true of Mellenberger. "[U]nless a prisoner is challenging a failure to protect him from a serious risk of future harm," he cannot succeed on an Eighth Amendment claim for damages "based on a risk that never came to pass." *Henry v. Deshler*, No. 20-2185, 2021 WL 2838400, at *2 (7th Cir. July 8, 2021) (citing *Lord v. Beahm*, 952 F.3d 902, 905 (7th Cir. 2020)). I infer that Young told Mellenberger that Rudolph revealed to other inmates that he was a snitch. But Young does not allege that he told Mellenberger that inmates were harassing or threatening him, so Mellenberger's apparent failure to address Young's concern does not support an Eighth Amendment claim.

Young is not pursing injunctive relief in this lawsuit, and his allegations do not indicate that his circumstances might warrant injunctive relief. Therefore, Young fails to state a claim against any of the defendants.

I will dismiss Young's complaint without prejudice for failure to state a claim upon which relief can be granted. Consistent with circuit precedent, I will give Young a deadline by which he can file an amended complaint that supports a constitutional claim, applying the applicable legal standards. If Young submits a proposed amended complaint by the deadline set below, I will screen it under §§ 1915(e)(2) and1915A. If Young fails to submit an amended complaint by the deadline set below, I will dismiss the complaint with prejudice for his failure to state a claim upon which relief may be granted.

I will also deny Young's motion to use his release account funds to pay the remainder of the filing fee he owes in this case. The use of inmate release account funds is governed by state law. *See* Wis. Admin. Code § DOC 309.466(2). With the exception of initial partial payments of filing fees, *see Carter v. Bennett*, 399 F. Supp. 2d 936, 936-37 (W.D. Wis. 2005), this court does not have the authority to tell state officials whether a prisoner may withdraw money from a release account. So, I will deny this motion.

ORDER

IT IS ORDERED that:

1.  Plaintiff Steve Young's complaint is DISMISSED without prejudice for failure to state a claim upon which relief can be granted.

2.  Plaintiff has until December 13, 2022, to file an amended complaint.

3.  Plaintiff's motion for use of release account, Dkt. 6, is DENIED.

4

4.  If plaintiff fails to comply with this order by that deadline, the court will dismiss this case with prejudice for failure to state a claim upon which relief can be granted.

Entered November 22, 2022.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge