IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STEVE YOUNG,

                Plaintiff,

v.                                                                                                    OPINION and ORDER

OFFICER RUDOLPH and SUPERVISOR MS.                                    22-cv-596-wmc[1]
MELLENBERGER,

                Defendants.

---

Pro se plaintiff Steve Young contends that Stanley Correctional Institution employees put him at risk of harm and failed to ensure his safety, in violation of his constitutional rights. I dismissed Young's complaint without prejudice for failure to state a claim upon which relief can be granted, and I gave Young the chance to file an amended complaint that corrected that problem. Young submitted an amended complaint, which I will screen as required under 28 U.S.C. §§ 1915 and 1915A. I will dismiss Young's amended complaint with prejudice because it does not support a constitutional claim.

ANALYSIS

Young alleges that he told defendant Correctional Officer Rudolph that he was going to court in Milwaukee County and also that certain Stanley inmates were bullying other inmates for phone use. Later that day, inmates told Young that Randolph had referred to him as a "snitch" and told them to look out for Young. Other inmates also accused Young of being a rat. Young says he told defendant Mellenberger, a program supervisor, what Rudolph did, but

---

[1] I am exercising jurisdiction over this case for purposes of screening only.

Mellenberger took no steps to protect Young. Young also complained to a non-defendant sergeant, who assured that Young he would speak with Randolph. Young later submitted an inmate complaint, alleging that Rudolph had put his life in danger, but the complaint was dismissed.

Young contends that defendants failed to ensure his safety, in violation of his Eighth Amendment rights. Young does not allege that he was actually harmed by Randolph's actions, but a prison official may violate an inmate's Eighth Amendment rights by maliciously encouraging other prisoners to harm them, even if they are not actually harmed physically. *E.g., Smith v. Peters*, 631 F.3d 418, 421 (7th Cir. 2011) ("Prison officials who recklessly expose a prisoner to a substantial risk of a serious physical injury violate his Eighth Amendment rights."); *Turner v. Pollard*, 564 F App'x 234, 239 (7th Cir. 2014) ("[G]iven the substantial danger to which Swiekatowski allegedly exposed Turner, Turner may be eligible for nominal or punitive damages."); *Jenkins v. Freeman*, 2010 WL 2812959, *1 (W.D. Wis. 2010) (citing *Irving v. Dormire*, 519 F.3d 441, 449 (8th Cir. 2008) (guard's attempt to induce other prisoners to assault plaintiff may violate Eighth Amendment, even if prisoner was not assaulted)). But Young has not alleged that Randolph actively encouraged inmates to harm him, or even that Randolph's disclosure put him at risk of harm. So, his allegations do not state a claim against Randolph under the Eighth Amendment.

The same is true of Mellenberger. To state an Eighth Amendment failure to protect claim, an inmate must show that he was "incarcerated under conditions posting a substantial risk of serious harm" and that the defendant intentionally ignored that risk. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The inquiry into the Mellenberger's knowledge is not whether this defendant should have known about a risk to Young's safety, but rather whether Mellenberger

did know of that risk. *See Grieveson v. Anderson*, 538 F.3d 763, 775 (7th Cir. 2008) (citing *Farmer*, 511 U.S. at 842–43). Because Young did not tell Mellenberger that other inmates were threatening him because Randolph called him a snitch, Mellenberger had no reason to believe that Young was at risk of harm. So, Young does not state a claim against Mellenberger either.

I will dismiss this case with prejudice for failure to state a claim upon which relief can be granted. Because Young has failed to state a federal claim, I will direct the clerk of court to record a strike under 28 U.S.C. § 1915(g).

ORDER

IT IS ORDERED that:

1. Plaintiff Steve Young's complaint is DISMISSED with prejudice for failure to state a claim upon which relief can be granted.

2. The clerk of court is directed to record this dismissal as a strike under 28 U.S.C. § 1915(g) and close this case.

Entered January 27, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge